RECEIVED JUN 27 2007 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HEIDI STELL and
IGAL STELL, her husband,

Civil No. 07-CV-4847

Plaintiffs,

- against -

**FIRST AMENDED COMPLAINT**

EL AL ISRAEL AIRLINES, LTD.

Plaintiffs Demand
a Trial By Jury

Defendant.

------------------------------------------------------------x

Plaintiffs, HEIDI STELL and IGAL STELL, by their attorneys, KREINDLER & KREINDLER LLP, as and for their Complaint allege:

## GENERAL ALLEGATIONS

1. Jurisdiction over this claim and defendant, exists pursuant to 28 U.S.C. §§ 1331 and 1332 in that plaintiffs were and still are citizens and residents of the State of Florida, and the defendant EL AL ISRAEL AIRLINES, LTD. ("EL AL") is a foreign corporation organized and existing under the laws of the State of Israel, and is authorized to conduct business in the State of New York, and maintains an office in this District at 15 East 26th Street, New York, New York 10010 and was doing substantial business in and had contacts with the State of New York on or about August 9, 2005 sufficient for this Court to exercise personal jurisdiction over the defendant; and this action arises under the provisions of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in, 49 U.S.C.A. §40105 (1997), as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw on

October 12, 1929, as amended by the Protocol Done at the Hague on September 20, 1955, <u>reprinted in</u>, S. Exec. Rep. No. 105-20, pp. 21-32 (1998) (hereinafter collectively referred to as "the Warsaw Convention"), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. At all times herein mentioned, defendant EL AL, was and is a common carrier engaged in the business of transporting passengers for hire by air by and through its servants, agents, employees and as such it owned, operated, maintained and controlled a certain aircraft, which was operated as EL AL Flight 28 on August 9, 2005 (the "subject aircraft"), from Miami, Florida to Tel Aviv through Newark, New Jersey (the "subject flight").

3. On or about August 9, 2005, plaintiff HEIDI STELL was a fare-paying passenger on board the subject flight engaged in international transportation pursuant to a ticket originally purchased by her on or prior thereto in Florida.

4. That ticket provided for travel on EL Al from Miami to Tel Aviv via Newark and from Tel Aviv to Miami via Newark on the return.

5. On August 9, 2005 while asleep in her seat plaintiff HEIDI STELL was seriously injured when the subject aircraft encountered severe in-flight turbulence which caused her to be thrown from her seat and she came crashing down, crushing her ankle and causing, among other injuries, a severe bi-malleolar fracture and a dislocation of her left ankle.

6. At all times mentioned herein and on August 9, 2005, said occurrences on board the subject flight constituted an accident or unexpected unusual event to plaintiff, HEIDI STELL, external to plaintiff, HEIDI STELL, under the applicable provisions of the Warsaw Convention.

7. At all times mentioned herein and on or about August 9, 2005 the actions and/or inaction of defendant EL AL, caused and created the accident and serious and permanent physical

and emotional injuries to plaintiff HEIDI STELL which has also caused her to expend and will continue to cause her to expend substantial sums for medical care and treatment; plaintiff, HEIDI STELL has suffered and will continue to suffer loss of income; and plaintiff HEIDI STELL has sustained and will continue to sustain severe pain, suffering, physical limitations an other compensable injuries and is entitled to just compensation for said injuries and losses.

## A CLAIM FOR COMPENSATORY DAMAGES
## ON BEHALF OF HEIDI STELL AGAINST EL AL

8. Plaintiff asserts each and every allegation of paragraphs 1 through 7 above, with the same force and effect as if each were more fully set forth herein at length.

9. Defendant EL AL is liable to pay full, fair, and reasonable compensatory damages to the plaintiffs for the injuries sustained by HEIDI STELL under the Warsaw Convention, together with the International Air Transport Association Intercarrier Agreement on Passenger Liability, which defendant EL AL signed and embodied in its tariffs prior to and on August 9, 2005, because EL AL cannot meet its burden of proving that it took all necessary measures to avoid the subject accident or that it was impossible for EL AL to take such measures.

10. Defendant EL AL did not take all necessary measures to avoid the injuries to plaintiff HEIDI STELL.

11. As a result of the foregoing, defendant EL AL is liable to pay plaintiff HEIDI STELL full, fair and reasonable compensation for the damages she sustained, including her serious and permanent physical and emotional injuries; the substantial sums she has expended and will continue to expend for medical care and treatment; the loss of income she has suffered and will continue to

suffer; the severe pain, suffering, physical limitation and other compensable injuries she has sustained and will continue to sustain.

### A CLAIM FOR COMPENSATORY DAMAGES ON BEHALF OF IGAL STELL AGAINST EL AL

12. Plaintiff asserts each and every allegation of paragraphs 1 through 11 above, with the same force and effect as if each were more fully set forth herein at length.

13. On August 9, 2005, plaintiff, IGALL STELL, was the lawful husband of his wife, plaintiff, HEIDI STELL.

14. As a result of the severe physical and emotional injuries sustained by HEIDI STELL, which injuries were the direct and proximate result of the failure of defendant EL AL to take all necessary measures to avoid the injuries to plaintiff HEIDI STELL, as set forth above, plaintiffs, HEIDI STELL and IGAL STELL were caused to suffer, still suffer and will continue in the future to suffer the loss and diminishment of society, companionship, emotional and moral support, services and consortium of the other.

15. As a result of the foregoing, defendant EL AL is liable to pay plaintiff IGAL STELL full, fair and reasonable compensation for the damages he sustained.

WHEREFORE, plaintiff HEIDI STELL demands judgment against defendant EL AL in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and IGAL STELL demands judgment against defendant EL AL in the amount of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS, with interest, costs and disbursements and for such other and further relief as this Court finds just and proper.

Dated: New York, New York
       June 26, 2007

                                            KREINDLER & KREINDLER LLP
                                            Attorneys for Plaintiff

                                    By: _____
                                            Daniel O. Rose (DR-9012)
                                            100 Park Avenue
                                            New York, New York 10017
                                            (212) 687-8181

206024
v1                                  -5-

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true copy of the foregoing First Amended Complaint has been served on this 27th day of June, 2007, by regular mail upon:

Diane Westwood Wilson, Esq.
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

Mr. Cary Yaron
EL AL Israel Airlines
15 E 26th Street
New York, NY  10010

_____
Randy Paradise