UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HEIDI STELL and )
IGAL STELL, her husband, )
                                        Plaintiffs, )
       ) Civil No.: 07-CV-4847(GBD)(RLE)
v. )
    ) **ANSWER TO FIRST AMENDED**
EL AL ISRAEL AIRLINES, LTD. ) **COMPLAINT**
)
                                   Defendant. )
------------------------------------------------------------x

      Defendant EL AL ISRAEL AIRLINES, LTD. ("EL AL"), by and through its attorneys Clyde & Co US LLP, as and for its Answer to the Complaint states the following upon information and belief:

## AS TO THE GENERAL ALLEGATIONS

      1.    Denies the allegations in paragraph 1 of the Complaint, except admits that EL AL is a corporation organized and existing under the laws of Israel and conducts business and maintains an office in the State of New York, and that plaintiffs' claims are governed by a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the Montreal Convention.

2. Denies the allegations in paragraphs 2, 3 and 4 of the Complaint, except admits that EL AL is a foreign air carrier engaged in the business of transporting passengers for hire and operated EL AL Flight 28 on August 9, 2005 from Miami, Florida to Tel Aviv, Israel via Newark, New Jersey and that plaintiff Heidi Stell was a fare-paying passenger on board EL AL Flight 28 from Miami, Florida to Newark, New Jersey.

3. Denies the allegations in paragraph 5, 6 and 7 of the Complaint, except admits that the rights of the parties are governed exclusively by the provisions of the Montreal Convention.

### AS TO A CLAIM FOR COMPENSATORY DAMAGES ON BEHALF OF HEIDI STELL AGAINST EL AL

4. Answering paragraph 8 of the Complaint, EL AL repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 3 of this Answer with the same force and effect as if herein set forth in full.

5. Denies the allegations in paragraphs 9, 10, and 11 of the Complaint.

### AS TO A CLAIM FOR COMPENSATORY DAMAGES ON BEHALF OF IGAL STELL AGAINST EL AL

6. Answering paragraph 12 of the Complaint, EL AL repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 5 of this Answer with the same force and effect as if herein set forth in full.

7. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

8. Denies the allegations in paragraphs 14 and 15 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

10. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

11. EL AL is not liable for plaintiff Heidi Stell's alleged injuries because the injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

12. Pursuant to Article 20 of the Montreal Convention and/or any other applicable law, EL AL is not liable for plaintiffs' injuries and damages alleged in the Complaint to the extent that the alleged injuries or damages were caused or contributed to by the conduct of plaintiff Heidi Stell.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

13. To the extent that the claims of plaintiffs exceed the amount of 100,000 SDRs, EL AL is not liable to plaintiffs pursuant to Article 21 of the Montreal Convention because such damage was not due to the negligence or other wrongful act or omission of EL AL or its servants

or agents, or such damage was solely due to the negligence or other wrongful act or omission of a third party.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

14. Pursuant to its Tariffs, conditions of carriage and/or other applicable law, EL AL is not liable to plaintiffs or, in the alternative, EL AL's liability is limited.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

15. The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than EL AL and EL AL is, therefore, not liable to plaintiff or, alternatively, the amount of damages recoverable by plaintiffs and/or others must be diminished in the proportion which the negligence or culpable conduct attributable to plaintiff Heidi Stell bears to the negligence or culpable conduct which caused the damage.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

16. The alleged damages complained of were not proximately caused by any culpable conduct on the part of EL AL.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

17. Plaintiffs' damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by EL AL, or by a person or entity for whom EL AL is responsible.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

18. Plaintiff Heidi Stell assumed the risk of her alleged injuries and on that account EL AL is not liable to plaintiffs.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

19. EL AL is not liable to plaintiffs because it complied with all applicable government regulations.

WHEREFORE, EL AL ISRAEL AIRLINES, LTD. demands judgment dismissing the Complaint in its entirety, or alternatively, limiting its liability pursuant to the foregoing, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 9, 2007

Respectfully submitted,

CLYDE & CO US LLP

By: _____
Diane Westwood Wilson (0520)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
212.710.3900

Attorneys for Defendant
EL AL ISRAEL AIRLINES, LTD.

TO: Daniel O. Rose
    KREINDLER & KREINDLER LLP
    100 Park Avenue
    New York, New York 10017
    212.687.8181
    Attorneys for Plaintiffs