# KREINDLER & KREINDLER LLP

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney III
Daniel O. Rose

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
John J. Veth*°
   Counsel

100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan D. Bainnson
William O. Angelley
Michael R. Sherwin
Hilary B. Taylor
Elizabeth Crotty
Megan Benett

**California Office**
Gretchen M. Nelson*
Stuart R. Fraenkel*
Mark I. Labaton*

Gabriel Barenfeld*

**Massachusetts Office**
Anthony Tarricone+

Susan A. Friery, M.D.°
James D. Gotz+
Joseph P. Musacchio+

*Admitted in CA only
+Admitted in MA only
°Admitted in MA & DC only
°Resident in CA office

January 28, 2008

VIA ELECTRONIC FILING
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Heidi Stell and Igal Stell v. El Al Israel Airlines, Ltd.
             Index No. 07-CV-4847

Dear Judge Daniels:

    Plaintiffs are writing to bring to the Court's attention the discovery issues set forth below and in our attached letter sent to defendant on January 17, 2008. We respectfully request that the Court consider these issues at an informal conference at the upcoming February 6, 2008 status conference.

    The issues raised in our yet unanswered letter to defendant are outlined as follows:

    1. Defendant has produced a significant amount of El Al documents and manuals in Hebrew, rather than in English. We have requested the English versions.

    2. Defendant has not confirmed that it produced 7 requested operations manuals.

    3. Certain pages of the production have been redacted without explanation. Un-redacted pages and/or an affidavit providing the reasons for the redactions have been requested by plaintiffs but have not been provided by defendant to date.

Honorable George B. Daniels
January 28, 2008
Page 2

    4. Boeing manuals routinely produced in such aviation cases have been withheld on claimed "copyrighted/proprietary bases".

    5. A copy of the cockpit voice recorder tape or a transcript of the same has not been produced.

    6. Various document requests (including Nos. 7, 10 and 11) and interrogatories (including No. 8) have not been properly responded to as set forth in the attached letter to counsel.

    7. A requests has been made by plaintiffs that defendants withdraw objections based upon Local 33.3 (a), "Sensitive Security Information", "privilege" (or produce a required privilege log) and those based on "the laws and regulations of the State of Israel."

Very respectfully yours,

KREINDLER & KREINDLER LLP

By: _____
Daniel O. Rose

Attachment

cc: Diane Westwood Wilson, Esq.



Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney III
Daniel O. Rose

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
John J. Veth*°
   Counsel

# KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan D. Bainnson
William O. Angelley
Michael R. Sherwin
Hilary B. Taylor
Elizabeth Crotty
Megan Benett

**California Office**
Gretchen M. Nelson*
Stuart R. Fraenkel*
Mark I. Labaton*

Gabriel Barenfeld*

**Massachusetts Office**
Anthony Tarricone⁺

Susan A. Friery, M.D.°
James D. Gotz⁺
Joseph P. Musacchio⁺

*Admitted in CA only
⁺Admitted in MA only
°Admitted in MA & DC only
°Resident in CA office

January 17, 2008

Diane Westwood Wilson, Esq.
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Re: Stell v. El Al Israel Airlines

Dear Diane,

I have just reviewed El Al's production which was delivered Monday afternoon.

Manuals and Documents in Produced Hebrew

At the outset, I am deeply troubled to find out, at this late stage in the dialogue we have had and after just having asked the Court for additional time for discovery, that you would be producing a significant amount of El Al manuals and documentation in Hebrew. You never said that the manuals would be produced in Hebrew. Had you done so, I would have addressed that issue further with you and possibly the Court and, at a minimum, stated that we may need even more time to properly conduct discovery given the need to review/translate thousands of pages in Hebrew.

As you know from the many past cases you have had with our firm, where a foreign carrier is involved, the airline's English manuals and documents are produced. I simply find it incredible that, given the prevalence of English in Israel and the countries that El Al flies to, and the fact that English is the official language of aviation, that there are not English versions of El Al manuals and documents which you have produced.

Diane Westwood Wilson, Esq.
January 17, 2008
Page 2

Specifically, I am referring to the following Manuals and documents:

- The Operations Manual at pp. 1410 to 1874 including, but not limited to, specifically pages 1449, 1458-59, 1463-64, 1472-74, and 1476-79;

- Page 1634;

- The Operations Manual Annex at pages 1875-2269 specifically including, but not limited to, 2037-38;

- What appears to be a flight attendant and/or in-flight service manual at pages 2270-2633;

- What appears to be a similar manual at 2634-3050;

- Page 3051;

- The forms on pages 3052-3060; and

- Page 3079.

I request that English versions of the above manuals and documents be produced immediately.[1]

If for some reason you will contend that the manuals and documents are not available in English, please provide us, immediately, with an affidavit from an El Al employee with knowledge and who can bind the corporation stating that no such English versions of the El Al manuals and documents exist, and make the same individual available for deposition in New York.

Other Manuals:

I also want to ensure that the following manuals have been, or will be, produced pursuant to our requests:

- Operations Manual Part 2 (Operations Control);

- Operations Manual Part 4 (Crew Assignment);

---

[1] We also asked for a translation of the hand written notes on pages 3052-3060. Please also provide the same immediately.

Diane Westwood Wilson, Esq.
January 17, 2008
Page 3

- Operations Manual Part 8 (In Flight Service); and

- Cabin Flight Safety Manual;

- Flight Crew Training Manual;

- Flight Planning and Performance Manual; and

- AOM (believed to be the Aircraft Operating or Operations Manual).

These manuals should, of course, be produced in English.

Redacted Pages:

Please produce unredacted versions of pages 1643, 1713, 1714 and 1715 immediately or provide an affidavit stating the claimed basis for redaction including, but not limited to, the general subject matter of the redacted material and any legal authority supporting your position.

Boeing Manuals:

I am equally troubled by your position that the manufacturer's manuals are being withheld on claimed "copyrighted/proprietary" bases. As you also know from past cases with our firm, the manufacturer's operations manuals, which are specifically written for El Al, are <u>routinely</u> produced in aviation litigation matters such as this one.

A claim that a "copyright" issue exists here is completely baseless given the fact that there is no intent, reason or ability to use any of the Boeing materials outside of this litigation and certainly not in competition with Boeing. To my knowledge, there has never been such a basis for withholding production of the manufacturers manuals in an aviation case – particularly where, as here, there is a confidentiality agreement in place.

To the extent you believe El Al requires Boeing's permission to produce the Boeing manuals, it is El Al's – not plaintiffs' – burden to get such permission from Boeing.

Please confirm that you will produce the following manuals forthwith:

- Flight Crew Training Manual;

- Flight Crew Operations Manual;

- Airplane Flight Manual; and

- Any other responsive Boeing Manuals and/or documents in El Al's possession, custody or control.

In addition, I have the following concerns regarding your response to plaintiffs' document requests and interrogatories:

Document Requests:

– If you are withholding any documents based on privilege, please provide a privilege log in accordance with the Federal and Local Rules. This should include, but is not limited to, attorney-client, work product, and the so-called "self-evaluate" privileges;

– Please confirm you are not withholding any documents based on "Sensitive Security Information"; documents that you claim are "confidential, proprietary and commercially sensitive to El Al"; or documents that you claim may be precluded from production "under the laws and regulations of the State of Israel";

– State whether you are withholding any transcripts of the cockpit voice recorder (CVR) and/or whether you are withholding a copy of the CVR tape for the subject flight;

– With regard to Document Request No. 7, please produce all responsive documents. The request was not limited to "any disciplinary or other action related to El Al Flight LY028 on August 9, 2005";

– With respect to requests Numbers 10 and 11, please produce all responsive documents as those requests are not the same as Document Request Number 6 and, therefore, your responses are not appropriate.

Interrogatories:

As we have previously discussed, I request that you withdraw your Local Rule 33.3(a) objections to our interrogatories. Given the issues you claim to have in scheduling depositions of El Al witnesses, I think it is particularly appropriate for Plaintiffs' Interrogatories to be responded to without LR 33.3(a) objections.[2]

---

[2] If El Al agrees to withdraw its LR 33.3(a) objections, Plaintiff will reciprocate.

Diane Westwood Wilson, Esq.
January 17, 2008
Page 5

    — Please also withdraw your objection based on "Sensitive Security Information" and/or confirm you are not withholding any information on this objection.

    — Please also withdraw your objection based on "the laws and regulations of the State of Israel" and/or confirm you are not withholding any information on this objection.

    — Interrogatory No. 8
    Please withdraw all objections, including privilege objections, as the interrogatory clearly does not ask for the production of privileged information and provide responses immediately.

    Please consider this a good faith attempt to resolve a discovery dispute. If we are unable to satisfactorily resolve this dispute by the close of business on January 23, 2008 I will write to the court to seek relief so this matter can be resolved no later than the February 6, 2008 status conference.

    Very truly yours,

    KREINDLER & KREINDLER LLP

    By: _____
        Daniel O. Rose, Esq.

DOR:rp